**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT BEZZINA, | No. 22-55293 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-05102-JFW-JPR |
| v. | |
| UNITED AIRLINES, INC., | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| DOES, 1-10, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted July 17, 2023
Pasadena, California

Before: TASHIMA and FORREST, Circuit Judges, and CARDONE,[**] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Plaintiff-Appellant Robert Bezzina appeals the district court's order granting summary judgment to Defendant-Appellee United Airlines, Inc. ("United") on Bezzina's disability discrimination claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the "grant of summary judgment de novo," *Honey Bum, LLC v. Fashion Nova, Inc.*, 63 F.4th 813, 819 (9th Cir. 2023) (citation omitted), we reverse.

1. To sustain a disability discrimination claim under the FEHA, a plaintiff must show that he or she "(1) suffered from a disability, (2) was otherwise qualified to do his or her job, and (3) was subjected to adverse employment action because of the disability."[1] *Choochagi v. Barracuda Networks, Inc.*, 274 Cal. Rptr. 3d 753, 766 (Ct. App. 2020); *accord Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 & n.6 (9th Cir. 2001) (requiring a FEHA plaintiff to "establish that he is a qualified individual with a disability [whose] employer [took an adverse action against] him because of his disability") (citation omitted); Cal. Gov't Code § 12940(a)(1). But if an employee "cannot perform [his or her] job duties in a manner that would not endanger his or her health or safety or the health or safety of others even with reasonable accommodations," an employer is not liable for refusing to allow the unsafe employee to work. *Wallace v. County of Stanislaus*,

---

[1] United concedes that Bezzina suffers from a disability.

2

199 Cal. Rptr. 3d 462, 470 (Ct. App. 2016) (quoting Cal. Gov't Code § 12940(a)(2)).

The district court granted summary judgment to United on Bezzina's disability discrimination claim, on the grounds that he could not establish a prima facie case because he could not safely perform the essential functions of his job without a face mask.[2] The district court also held, in the alternative, that Bezzina had not demonstrated that United's legitimate, non-discriminatory reason for placing Bezzina on leave was pretext. United's proffered non-discriminatory reason for putting Bezzina on leave was the enforcement of its mask mandate, enacted to protect its employees and customers from COVID-19. The district court deferred to United's "reasonable business decision to require every employee wear a face mask without exception," and expressly declined to consider whether that decision was consistent with the objective evidence available.

We conclude that the district court erred in its analysis for two reasons.[3]

---

[2] Determining who bears the burden of proof on this issue would entail wading into a murky area of California state law. *See Wills v. Superior Ct.*, 125 Cal. Rptr. 3d 1, 22 & n.6 (Ct. App. 2011). But we need not do so, because even assuming that Bezzina bears the burden to show he can work safely, he has come forward with enough evidence to establish a genuine dispute of material fact on this issue.

[3] The district court conducted its summary judgment analysis under the *McDonnell Douglas* framework without first expressly considering whether Bezzina presented direct evidence of intentional discrimination. *See Wallace*, 199 Cal. Rptr. 3d at 471 ("The [*McDonnell Douglas*] framework and the many principles adopted to guide its application do not apply in discrimination cases where . . . the plaintiff

3

First, the FEHA "protects employees from an employer's erroneous or mistaken beliefs . . . . that an employee is unable to safely perform a job's essential functions . . . even if the employer's mistake was reasonable and made in good faith." *Wallace*, 199 Cal. Rptr. 3d at 465. To determine whether an employer properly determined that an employee could not work due to a contagious disease, "courts must look to existing, objective medical evidence." *Raytheon Co. v. Fair Emp. & Hous. Comm'n*, 261 Cal. Rptr. 197, 202–03 (Ct. App. 1989) (citing *Sch. Bd. of Nassau Cnty. v. Arline*, 480 U.S. 273 (1987)). "[A]n employer must gather 'substantial information'" and base its decision on "particularized facts using the best available objective evidence." *Echazabal v. Chevron USA, Inc.*, 336 F.3d 1023, 1028 (9th Cir. 2003) (citations omitted). Such evidence may take the form of guidance published by "federal, state and local health agencies." *See, e.g.*, *Raytheon*, 261 Cal. Rptr. at 203. The district court thus erred by finding that the orders and guidance promulgated by federal, state, and local public health authorities contained in the summary judgment record (the "Guidance") were "not

presents direct evidence of the employer's motivation for the adverse employment action."). But we need not determine whether the district court erred by applying the *McDonnell Douglas* burden-shifting analysis because our conclusion below—that there is a genuine dispute of material fact as to whether Bezzina could safely perform his job duties with a face shield and drape in lieu of a mask—forecloses the possibility of summary judgment in United's favor. We leave it to the district court to determine in the first instance whether *McDonnell Douglas* provides the apposite framework for trial. *See Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1113–14 (Cal. 2000); *Glynn v. Superior Ct.*, 254 Cal. Rptr. 3d 772, 777–78 (Ct. App. 2019).

4

germane" to its analysis.

Second, reviewing the objective evidence de novo, we hold that a reasonable jury could find that Bezzina was able to perform the essential functions of his job without endangering the health or safety of others, if permitted to wear a face shield with a drape, instead of a face mask. To be sure, the Guidance required that people wear masks while traveling or working in airports. And it consistently explained that the purpose of masking was to protect the health and safety of the mask-wearer and those around them by reducing the spread of COVID-19 through respiratory droplets. It also consistently indicated that face shields are not as effective as masks at preventing the spread of COVID-19.

At the same time, however, the Guidance uniformly provided exemptions from its mask mandates, particularly for people with disabilities. And both the federal Centers for Disease Control and Prevention and the California Department of Public Health specifically described a face shield with a drape or hood as the recommended alternative to masks, in cases where an exemption was warranted. In sum, the Guidance suggests both that face shields are less safe than masks, while also suggesting that they are a reasonably safe alternative for people like Bezzina who have disabilities that prevent them from wearing a face mask. Weighing this competing evidence is for the fact finder at trial. *See Echazabal*, 336 F.3d at 1029–30, 1035.

5

2.    The district court entered summary judgment in favor of United on Bezzina's claim that he was denied a reasonable accommodation, in part because it determined that United in fact provided Bezzina with a reasonable accommodation when it placed him on indefinite unpaid leave. But "[w]hen an employee can work with a reasonable accommodation other than a leave of absence, an employer may not require that the employee take a leave of absence." *Wallace*, 199 Cal. Rptr 3d at 480 (quoting Cal. Code Regs., tit. 2, § 11068, subd. (c)). As discussed, there is a genuine dispute of material fact as to whether Bezzina could have safely worked if he had been allowed to wear a face shield with a drape, instead of a mask. The question of whether placing Bezzina on unpaid leave was an accommodation, or instead, an actionable adverse action, turns on that same, unresolved fact dispute. *See id.*

3.    The district court's decision to grant summary judgment to United on Bezzina's other claims relied almost entirely on its flawed analysis of the discrimination claim. Accordingly, we reverse the entry of summary judgment in favor of United on all six of Bezzina's claims. *Cf. Echazabal*, 336 F.3d at 1035.

4.    We do not address Bezzina's contention that the district court viewed his case with improper skepticism. Bezzina does not seek any relief other than reversal of the district court's summary judgment order. And regardless of its motivation, the district court erred and must be reversed for the reasons stated

6

above.

**REVERSED AND REMANDED.**